## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re: | Case No. 16-00966 (BKT) |
| MOTEL TROPICAL, INC., | Chapter 11 |
| Debtor(s). | |

## SUPPLEMENT TO OPPOSITION TO APPROVAL OF DISCLOSURE STATEMENT

**TO THE HONORABLE UNITED STATES
BANKRUPTCY COURT:**

**COMES NOW** Banco Popular de Puerto Rico ("BPPR"), by and through its undersigned legal counsel, and respectfully submits this supplement (the "Supplement") to its August 10, 2016 opposition to approval of disclosure statement (the "Opposition") (Docket No. 45):

1. Motel Tropical, Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Code on February 11, 2016 (the "Petition Date"). See, Docket No. 1.

2. BPPR filed an unsecured claim in this case on June 9, 2016 in the amount of $1,851,992.10 (the "POC"). See, Proof of Claim No. 3.

3. On July 14, 2016, the Debtor filed its Disclosure Statement and Chapter 11 plan of reorganization (the "Plan"). See, Dockets No. 39 and 40.

4. BPPR filed its Opposition to the Disclosure Statement on August 10, 2016 based on two reasons: (i) although the Disclosure Statement and Plan states that unsecured creditors under Class 3 "…shall may [sic] receive 10% dividend payments …" (Docket No. 39 at p. 11), Debtor's projections, however, do not identify any distribution whatsoever to unsecured creditors; and (ii) the Disclosure Statement's complete lack of specificity as to the sums that each unsecured creditor is expected to receive in repayment of their debt under the Plan. See, Docket No. 45.

00406872; 1

5. On August 29, 2016, BPPR, the Debtor, and Manuel M. Babilonia Santiago and Mirta Cortes (collectively, the "Parties") entered into a "Stipulation for Treatment of BPPR's Claims under Debtors' Plans of Reorganization" which rectified the deficiencies identified at ¶ 4 above, and clarified that the distribution to unsecured creditors would be 10% of their allowed claim, which in BPPR's case amounted to $185,520.00. See, Docket No. 50 at p. 6.

6. The Stipulation was approved on September 27, 2016. See, Docket No. 61.

7. On that same date, Debtor filed an amended Disclosure Statement and Plan which, among other things, <u>unilaterally, and without any explanation or support whatsoever, reduce the general unsecured creditors' distribution from 10% to only 1%</u>. See, Dockets No. 59 and 60.

8. Section 1125 of the Bankruptcy Code requires that a disclosure statement contain "adequate information." The Bankruptcy Code defines the term "adequate information" as follows:

> information of any kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, **that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan**…

11 U.S.C. § 1125(a)(1) (Emphasis supplied).

9. In general terms, a proper disclosure statement must "clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution." In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

10. The requirement of adequate disclosure to parties in interest is a key feature of the reorganization provision of Chapter 11 and courts have an independent obligation to determine

whether a disclosure statement includes adequate information within the meaning of, and as required by, the Bankruptcy Code. See, In re El Comandante Mgmt. Co., LLC, 2006 Bankr. LEXIS 3820, 10-12 (Bankr. D.P.R. 2006); In re Clamp-All Corp., 233 B.R. 198, 208 (Bankr. D. Mass. 1999); In re Eastern Maine Elec. Co-op, Inc., 125 B.R. 329 (Bankr. D. Me. 1991).

11. "A number of courts have provided lists of the types of information that they believe should be addressed by a disclosure statement." Resnick, Alan N., Sommer, Henry J., 7 Collier on Bankruptcy, ¶ 1125.02[2] at 1125-10 and 1125-11 (16th Ed.). These include, among others:

> (1) a complete description of the available assets and their value;
> (2) a liquidation analysis setting forth the estimated return that creditors would receive under chapter 7;
> (3) any financial information, valuations or pro forma projections that would be relevant to creditor's determinations of whether to accept or reject the plan.

See, Id.; Ferretti, 128 B.R. at 19.

12. The Disclosure Statement, as amended, fails to comply with the provisions of section 1125 of the Code inasmuch as it does not identify, explain, support or justify the material reduction of general unsecured creditors' distribution from 10% to 1%, particularly when considering that such a distribution is completely inconsistent and contradictory to the terms of the Stipulation, as approved by the Court.

13. By having failed to provide detailed information as to the reasons behind such a reduction, which information has been sought to Debtor on numerous occasions by BPPR, neither the Court nor the creditors can assess whether the latter are receiving more under the Plan than under a chapter 7 liquidation scenario as required by section 1129(a)(7) of the Code.

14. As a result, the Disclosure Statement, as amended, fails to provide sufficient "adequate information" which "would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan"

pursuant to 11 U.S.C. § 1125(a)(1). The foregoing information is crucial in order to allow the creditors, and the Court, to determine whether the proposed Plan is feasible as required by section 1129(a)(11) of the Bankruptcy Code

15. In light of the foregoing, the amended Disclosure Statement fails to comply with the "adequate information" requirement under section 1125(a)(1) of the Code, hence, the same should not be approved by the Bankruptcy Court.

**WHEREFORE**, for all the foregoing reasons, BPPR respectfully requests that this Honorable Court enter an order denying the approval of the Disclosure Statement, as amended (Docket No. 59), and grant such further relief as the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of October, 2016.

**WE HEREBY CERTIFY** that on this date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties appearing in said system, including the U.S. Trustee.

O'NEILL & BORGES, LLC
*Attorneys for Banco Popular de Puerto Rico*
American International Plaza
250 Muñoz Rivera Ave., Ste. 800
San Juan, PR 00918-1813
Tel.: (787) 764-8181
Fax: (787) 753-8944

s/ Luis C. Marini-Biaggi
Luis C. Marini-Biaggi
USDC No. 222301
E-mail: luis.marini@oneillborges.com

s/ Nayuan Zouairabani
Nayuan Zouairabani
USDC No. 226411
E-mail: nayuan.zouairabani@oneillborges.com