**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 16-01148   BKT** |
| **MANUEL M BABILONIA SANTIAGO MIRTA CORTES** | **CHAPTER 11** |
| **Debtor(s)** | **FILED & ENTERED ON 4/17/2019** |

## OPINION AND ORDER

Before the court is the *Stipulation for Treatment of BPPR's Claims under Debtors' Plans of Reorganization* (hereinafter "Stipulation") [Dkt. No. 75] filed jointly by Banco Popular de Puerto Rico (hereinafter "Banco Popular"), Manuel M. Babilonia Santiago and Mirta Cortes (hereinafter "Debtors"), and Motel Tropical, Inc. (hereinafter "Motel); Banco Popular's *Motion to Inform Debtors' Default Under Stipulation for Treatment of BPPR's Claims Under Debtors' Plans of Reorganization* [Dkt. No. 266]; and Debtors' *Opposition to Motion to Inform Supposed Default under Stipulation* [Dkt. No. 273].

### I.     Procedural Background

On February 11, 2016, Motel filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Debtors filed a chapter 11 bankruptcy case on February 18, 2016 (hereinafter "Petition Date").  Prior to the Petition Date, Debtors entered into various loan agreements with Banco Popular. The amount owed to Banco Popular, as of the Petition Date, totaled $1,851,992.10. Pursuant to the loan documents and through the Stipulation, the Debtors agreed to the force and effects of all guarantees therein until full satisfaction of Debtor's chapter 11 Plan (hereinafter "Plan") and the Stipulation. On September 27, 2016, Debtors filed an amended *Disclosure*

*Statement* [Dkt. No. 86], which was approved by this court on June 26, 2017 [Dkt. No. 200]. On May 25, 2017, Debtors filed an amended Plan [Dkt. No. 182]. On August 28, 2017, the Plan was confirmed without objection [Dkt. No. 216]. The Plan incorporated the terms agreed to by the parties in the Stipulation.[1]

The Stipulation established that Banco Popular would have a fixed allowed secured claim of $1,260,000.00, and that the Debtors would make monthly payments of $2,000 to Banco Popular on the first of each month for a period of one year ending on August 23, 2017. It further established that the Debtors should endeavor to sell the properties, that form part of Banco Popular's collateral, and had a period of one year ending on August 23, 2017, to do so. The sale of such properties would have to generate sufficient proceeds to satisfy the totality of the secured claim. If the Debtors failed to sell the properties prior to the expiration date, the Debtors agreed to "deliver and tender any and all of the remaining collateral to Banco Popular free and clear of all liens, claims or encumbrances, in full satisfaction and payment of the outstanding balance of the Secured Claim" [Stipulation Dkt. No. 75 at page 5].

The Stipulation also stated that the Debtors consented, under the Stipulation, to not seek the entry of the final decree until after August 31, 2017, wherein Banco Popular could obtain the entry of the corresponding order and writ for the transfer of the properties. The parties agreed that if the Debtors failed to make the required monthly installments payment, violate any of the terms in the Stipulation along with other events mentioned in the Stipulation, would constitute an event of default. In the event of a default, the Debtors would have to abide to the terms of the Stipulation.[2] The Stipulation further established that "Debtors hereby ratify, reaffirm, confirm, consent to and

---

[1] The court entered an Order Approving Settlement/Stipulation on September 27, 2016 [Dkt. No. 85].

[2] Upon the occurrence of any event of default, as provided above, all of the Loans, Collateral, BPPR Claims and Debtors' obligations with BPPR shall revert to their original, pre-petition state, and their indebtedness shall become immediately due and payable without further notice by BPPR, and BPPR shall have the right to enforce any and all remedies under this Stipulation, Loan Documents, at law or in equity." [Stipulation Dkt. No. 75 at 6-7].

acknowledge all of the terms, priority and conditions of security interests, mortgages or liens over the Collateral provided for in the Loans, the Collateral and the BPPR Claims, as well as Debtors' obligations under such Loan Documents, until the confirmation of the Chapter 11 Plan." [Dkt. No. 75 at 7.]

On December 18, 2018, Banco Popular filed a *Motion for Entry of Order for the Transfer of Properties and the Cancellation of Pre-Transfer Date Liens and Other Particulars Under the Confirmed Plan Reorganization* [Dkt. No. 276]. Debtors opposed on January 2, 2019 [Dkt. No. 280]. In addition*,* Banco Popular filed a *Motion to inform Debtor's Default under 'Stipulation for Treatment of BPPR's claims under Debtor's Plan of Reorganization* [Dkt. No. 266]. The motion states that Debtors failed to sell the properties within the one year period agreed to in the Stipulation, failed to make monthly payments since November of 2017, and failed to pay property taxes. Therefore, Debtors defaulted under the Stipulation and the Plan. Subsequently, Debtors filed an opposition requesting that this court deny Banco Popular's motion because Banco Popular failed to establish Debtors default. Debtors contend that they fulfilled the monthly payments as agreed to in the Stipulation; which Banco Popular was to receive only until August 23, 2017. Any missing payment after the agreed upon date, would not constitute a breach. Debtors further assert that they are not in breach insofar as Banco Popular was secured only until the confirmation of the Plan.

**II.     Legal Analysis**

**A.  Contract Law in Puerto Rico**

The relevant facts of this case arise in Puerto Rico, requiring application of Puerto Rico contract law. Under Puerto Rico law, a contract has three elements: (1) consent, (2) a definitive and legal object, and (3) consideration. TC Investments, Corp. v. Becker, 733 F. Supp. 2d 266, 2010 (D.P.R. 2010).  A cause of action for breach of contract elements under Puerto Rico law are:

-3-

(1) a valid contract, (2) a breach of that contract, and (3) resulting damages. In re William Contractor, Inc., 62 Bankr. Ct. Dec. 112 (Bankr. D.P.R. Apr. 1, 2016) (*citing* First Medical Health Plan, Inc. v. Caremark PCS Caribbean, Inc., 681 F. Supp. 2d 111, 116 (D.P.R. 2010)). Article 1233 of the Civil Code of Puerto Rico (hereinafter "Article 1233") governs the interpretation of contracts under dispute as to the meaning of the terms. 31 P.R. Laws Ann. 3471. Article 1233 determines that when "the terms of a contract are clear and leave no doubt as to the intentions of the contracting parties, the literal sense of its stipulations shall be observed." IOM Corp. v. Brown Forman Corp., 627 F.3d 440, 447 (1st Cir. 2010). Article 1233 also states that courts may not consider extrinsic evidence in a written contract, where an agreement is clear and unambiguous. Id.

Article 1044 of the Civil Code of Puerto Rico, (hereinafter "Article 1044") affirms that "[o]bligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations." 31 P.R. Law Ann. 2994. In re Chase Monarch Int'l Inc., 581 B.R. 715, 719 (Bankr. D.P.R. 2018). Once the fundamental conditions required for their validity exist, contracts shall be binding between the parties. 31 P.R. Laws Ann. 3451. Here, the parties do not dispute the validity of the Stipulation. The court finds that the Stipulation was valid and clear on its terms, therefore binding to the parties. Consequently, because the Stipulation is clear and unambiguous the court will not consider any extrinsic evidence.

**B. Effect of Confirmation Pursuant to the Code**

11 U.S.C. § 1141 (a) of the Code states: "[The] provisions of a confirmed plan bind the debtor, any entity issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor." 8 Collier on Bankruptcy (16th ed.) ¶ 1141-1. "…[A] confirmed plan precludes parties from raising claims or issues that could have or should have been raised before confirmation but were not." Alan N. Resnick &

-4-

Henry J. Sommer, 8 <u>Collier on Bankruptcy</u>; <u>In re TEMSCO NC Inc.</u>, 537 B.R. 108, 127 (Bankr. D.P.R. 2015) (which found that the "terms of the confirmed plan are binding and enforceable"). "Even if the plan contains legal errors and confirmation was improper." <u>Id</u> at 108, 127 (*citing* <u>United Student Aid Funds, Inc. v. Espinosa</u>, 559 U.S. 260 (2010) (which states that all provisions confirmed through the plan, are binding and enforceable.). Since there were no objections filed by Banco Popular, or any other creditor, to the confirmation of Debtors' Plan, said Plan is binding and the parties are now precluded from raising any claims post-confirmation.

The Stipulation provided in part for the Debtors to sell all the properties which formed part of Banco Popular's collateral, during the course of one year until August 23, 2017. If the properties were not sold during that time, Debtors would deliver the remaining collateral to Banco Popular, free from liens and claims. Banco Popular claims that the Debtors defaulted by not selling the properties during the one-year period that was agreed upon. There is no doubt that the Debtors were unable to sell the properties prior to August 23, 2017. However, Debtors contend that they do not have to transfer the properties to Banco Popular. They argue that not selling the properties was not an event of default because once the Plan was confirmed on August 28, 2017, Banco Popular no longer had liens on the properties. 11 U.S.C. § 1141(c) of the Bankruptcy Code states: "Except as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor." Being free and clear of all claims and interests requires that the property be "dealt with in the plan." 8 <u>Collier on Bankruptcy</u> (16th ed.) ¶ 1141-18; <u>In re Winchell</u>, 200 B.R. 734, 736–37, (Bankr. D. Mass. 1996) (where its states: "…general rule that, upon confirmation, the property dealt with in the plan is free and clear of all claims and interests of creditors, including liens.").

In other words, unless the liens were preserved in the Plan, the liens are extinguished upon its confirmation. The Debtors argue that the liens held by Banco Popular were extinguished upon confirmation of the Plan. In addition, they argue that Banco Popular did retain its liens, but only until the date the Plan was confirmed, as stated in the language of the Stipulation. In relevant part, the Stipulation states:

> Debtors hereby ratify, reaffirm, confirm, consent to and acknowledge all of the terms, priority and conditions of security interests, mortgages or liens over the Collateral provided for in the Loans, the Collateral, and the BPPR Claims, as well as Debtors' obligations under such Loan Documents, until the confirmation of the Chapter 11 Plan.

[Dkt. No 75 at pg. 7].

In this case, the provision stated above puts a limit on the Stipulation, which also sets an expiration date on the liens. Banco Popular argues that this provision provides for the liens to remain intact until all the obligations provided for, under the Stipulation, were satisfied. Even if that argument were to be taken as correct by this court, 11 U.S.C. § 1141(c) provides that the liens need to be *expressly* preserved in a plan. In the case before us, they were not. The court is at odds with Banco Popular's assertion that the liens were preserved under that provision. On the contrary, the provision states that the Debtors shall ratify the liens until the confirmation of the Plan as stated in the Stipulation. It is clear on its terms that Banco Popular did not preserve a lien in the Stipulation nor in the Plan. Therefore, the liens expired on the date the Plan was confirmed - August 28, 2017.

Banco Popular argues that a secured creditor's liens "ride through bankruptcy" unaffected. See. In re Fonseca, 534 B.R. 261, 2015 (Bankr. D.P.R.), aff'd sub nom. Fonseca, 542 B.R. 628 (B.A.P. 1st Cir. 2015). That legal premise is not applicable to this case, as it has previously been established that Banco Popular's liens were extinguished upon confirmation of the Plan under 11 U.S.C. § 1141(c), and by the clear terms of the Stipulation. Even if the liens were preserved,

-6-

Banco Popular still failed to fulfill its obligation, provided for in the Stipulation, to obtain the transfer of properties. The Stipulation by its terms states:

> …as a means to ensure and facilitate the transfer of title of such properties under the auspices of the Bankruptcy Court, Babilonia consents to, warrants and agrees that they shall not seek the entry of final decree until after August 31, 2017 in order to afford BPPR with sufficient time to obtain the entry of the corresponding Order and Writ for transfer therein.

[Dkt. No. 75 at pg. 5]

According to the plain language of the above stated provision, the Debtors were not permitted to seek the entry of the final decree until after August 31, 2017. To date, the Debtors have not sought an entry of the final decree. Banco Popular was required to obtain the entry of a order and writ for the transfer of title of the properties. Banco Popular failed to do so prior to the Plan's confirmation. Therefore, the properties were vested in the Debtors pursuant to § 1141(b) which provides that confirmation of the plan vests all the property of the estate in the debtor. 8 Collier on Bankruptcy (16th ed.) ¶ 1141-1. Because the liens were not preserved in the Plan, Debtors were not obligated to transfer the properties.

Banco Popular further argues that because Debtors defaulted under the terms of the Stipulation,

> …all of the Loans, Collateral, BPPR Claims and Debtors' obligations with BPPR shall revert to their original, pre-petition state, and their indebtedness shall become immediately due and payable without further notice by BPPR, and BPPR shall have the right to enforce any and all remedies under this Stipulation, Loan Documents, at law or in equity.

[Dkt. No. 75 at 7].

Because the court concludes that the Debtors did not incur in an event of default, the Debtors do not have to comply with that provision in the Stipulation.

## III. CONCLUSION

The Stipulation, which was incorporated by the terms of the Plan, and which this court finds is valid and legally binding to the parties, terminated once the Plan was confirmed. Hence,

Debtors were no longer bound by the terms and provisions of the Stipulation. The Debtors maintained the properties and paid the monthly installments. Because the Debtors complied with the terms of the Stipulation up until the confirmation date, there is no event of default. The Debtors failed to sell the properties, but the Stipulation provided for the properties to be tendered free of all claims and liens *unless* Banco Popular sought the transfer of title through an order and writ. The court finds that Banco Popular's liens were extinguished upon the confirmation of the Plan. As such, the Debtors do not have to tender the properties to Banco Popular. Since the Stipulation confirmed through the Plan is binding and enforceable on the signatory parties, they must all abide by the terms and provisions established therein.

SO ORDERED

In San Juan, Puerto Rico, this 17th day of April, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

-8-