## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

**IN RE:**

**MANUEL M BABILONIA SANTIAGO
MIRTA CORTES**

   **Debtor(s)**

**CASE NO.  16-01148 BKT**

**CHAPTER 11**

**FILED & ENTERED ON 09/23/2019**

## OPINION & ORDER

Before the court is Banco Popular de Puerto Rico's (hereinafter "BPPR") *Motion pursuant to FRBP 9023 to Amend or Alter Order in Docket 331 and for the Scheduling of an Evidentiary Hearing* [Dkt. No. 334]; BPPR's *Motion Submitting Document Certified Translation of Exhibit to Docket Entry 334* [Dkt. No. 337]; and Debtors Manuel M. Babilonia Santiago and Mirta Cortes' (hereinafter "Debtors") *Opposition to Banco Popular's Motion to Alter or Amend Order* [Dkt. No. 346].  For the reasons set forth below, BPPR's *Motion pursuant to FRBP 9023 to Amend or Alter Order in Docket 331 and for the Scheduling of an Evidentiary Hearing* [Dkt. No. 334] is DENIED.

BPPR's motion to reconsider stems from this court's *Opinion and Order* ("hereinafter "Opinion") dated April 17, 2019 [Dkt. No. 331], which determined that BPPR's liens were extinguished upon the confirmation of the Debtors' Plan (hereinafter "Plan") [Dkt. No. 216]. The result of the adjudication of that matter meant that the Debtors did not have to tender certain real properties to BPPR. The Stipulation (hereinafter "Stipulation) [Dkt. No. 75] at the heart of that controversy, which was confirmed through the Plan, is binding and enforceable on the signatory parties, and they must all abide by the terms and provisions established therein.

**ADDITIONAL FINDINGS OF FACT:**

The facts and procedural events of this case were set forth in the Opinion. As such, the court will not reiterate the facts already stated. However, for purposes of this opinion and order the court adds the following to the findings of fact:

- On November 30, 2018, the court docketed an Order Setting Pre-Trial Conference on Contested Matter [Dkt. No. 274]. Said Order sent notice to the parties that the contested matter contained in BPPR's Motion to Infrom [*sic*] Debtors' Default under "Stipulation for Treatment of BPPR's Claims under Debtors' Plans of Reorganization" [Dkt. No. 266]; and Debtors' Opposition to Motion to Inform Supposed Default under Stipulation [Dkt. No. 273] were scheduled to be discussed at said hearing. The Order also stated that the parties had to file a joint pretrial report seven (7) days prior to the hearing.

- On December 18, 2018, BPPR filed the Motion for Entry of Order for the Transfer of Properties and the Cancellation of Pre-Transfer Date Liens and Other Particulars under the Confirmed Plan of Reorganization [Dkt. No. 276].

- On February 6, 2019, the court held the pre-trial conference [Dkt. No. 309], where the following relevant statements were made by the court and the parties:

  o The parties clarified the issues that required determination by the court.

  o Debtors' understood that if the intention of the parties in the drafting of the Stipulation was at issue, then this was not a legal issue but rather a fact intensive issue requiring the testimony of witnesses.

  o The court responded by stating that the parol evidence rule prevented such a factual interpretation of the parties' intent. BPPR agreed with the court that the parol evidence rule[1] prevented such testimony, and further stated that this matter was one of legal interpretation by the court.

  o The court stated at the pre-trial conference that a writing would be issued by the court that would determine (1) what was the effect of the Stipulation (2) what did the parties have/or have not as obligations to do and by when (3) what was the effect of the confirmation of the Plan on the Stipulation

---

[1] The parol evidence rule is a rule in the Anglo-American common law that governs the extent to which parties to a case may introduce into court evidence of a prior or contemporaneous agreement in order to modify, explain, or supplement the contract at issue. The rule excludes the admission of parol evidence when a written agreement is complete and clear and unambiguous upon its face. In Puerto Rico, this evidence rule is codified in Article 1233 of the Civil Code. 31 L.P.R.A. § 3471.

-2-

and your duties and obligations, and (4) where do the parties currently stand based on those determinations.[2]

o Upon the parties' consent, the court stated that BPPR's Default motion and the matter regarding certain insurance proceeds would be ruled upon depending on the court's ruling over the controversy surrounding the legal effect of the Stipulation/Plan.

**BPPR'S POSITION:**

In their motion for reconsideration, BPPR posits that the court did not consider the clear and unambiguous language of the Stipulation and Plan as to the treatment of BPPR's Claims. In the alternative, "even assuming *arguendo* that any inconsistency exists between the language of the Stipulation and the Plan, which BPPR rejects, this Court had to schedule an evidentiary hearing to asses [*sic*] the intention of the Parties in connection with the execution of the Agreement."

BPPR asserts that relief from the court's Opinion is warranted as a matter of law because it contains manifest errors of law and fact as to the application of provisions regarding contracts under state law, and disregards applicable case law exceptions to the general rule of §1141(c). Citing the U.S. Supreme Court's ruling in New Hampshire v. Maine, 532 U.S. 742 (2001), BPPR states that the implementation of the Opinion:

> …would constitute a manifest injustice, in stark contrast with the general principles of good faith negotiations and *judicial estoppel* by allowing Debtors facing an imminent foreclosure upon default to deliberately change, for the first time, their previous position in connection with the Agreement according to the exigencies of the moment through the artifice of manipulating and contesting the terms of a single clause to achieve a purpose that, as evinced by a careful review of the Agreement in its entirety, or the communications and representations made thereafter, neither party intended.

BPPR's Motion Pursuant to FRBP 9023 [Dkt. No. 334] page 20.

---

[2] Oral Argument at minute/second 34.46 to 35.02 of pre-trial conference. See Dkt. No. 307. See also Minute Entry [Dkt. No. 309].

**LEGAL STANDARD UNDER FED. R. CIV. P. 59(e):**

BPPR's motion requesting reconsideration invokes Fed. R. Civ. P. 59(e), made applicable through Fed. R. Bankr. P. 9023. Relief under "Fed. R. Civ. P. 59(e) is an extraordinary remedy which should be used sparingly." In re Industrias Vasallo, Inc., 2014 WL 1350659, *1 (Bankr. D.P.R. 2014) "Rule 59(e) motions are aimed at reconsideration, not initial consideration." F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992). "Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued." Id. "Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Id. They may not be used to argue a new legal theory. Moreover, "[w]hether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to rehash matters previously litigated and decided by the Court." Sanchez Rodriguez v. Departamento de Correccion y Rehabilitacion, 537 F. Supp.2d 295, 297 (D.P.R. 2008). "As a result, a motion to alter or amend judgment will be denied unless the moving party presents controlling jurisprudence that the court overlooked and may reasonably be expected to amend or alter its conclusion." In re Industrias Vasallo, Inc., 2014 WL 1350659 at *1.

**DEBTORS' POSITION:**

The Debtors counter-argues that BPPR's motion for reconsideration fails because there is no newly discovered evidence, there is no manifest error of law or fact, no manifest injustice, and no intervening change in controlling law. Therefore, there are no grounds which support relief under Rule 9023.

Moreover, BPPR submits new legal theories and new documents at this juncture that, at BPPR's own request, were never considered by the court. Prior to this court's Opinion, BPPR's sole legal theory was that the controversy was legal in nature. BPPR's motion to inform, coupled

with its oral argument at the February 6, 2019 pre-trial conference, argued that the Stipulation was clear on its terms, that liens go through bankruptcy unaffected, and that the Clause in page 7 of the Stipulation (hereinafter "Clause") was only Debtors' representation and did not bind BPPR. Based on such theories Debtors contend, BPPR expressly moved the court to rule on the matter without an evidentiary hearing and without considering evidence other than the Stipulation itself. This is precisely what the court did when adjudicating this matter.

**LEGAL ANALYSIS:**

The case law is well established that a court can only grant a party's motion for reconsideration under Rule 59(e) if the motion clearly establishes a manifest error of law or presents newly discovered evidence.

BPPR asserts that the court committed a manifest error in its factual and legal analysis of the effects of the Stipulation and Plan on its liens post confirmation. According to BPPR's position, given that the interpretation given by the court in its Opinion is not consistent with the clear language of the documents, the court disregarded material facts that shed light, not only on the intention of the parties when negotiating and executing both documents, but also key considerations within the Plan's treatment of BPPR's secured claim. These material facts would reveal that the Debtors' proposed treatment was, and always has been, to preserve the liens and BPPR's security interest.

BPPR explains that a:

…manifest error of law" is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law," and case facts. Venegas–Hernandez v. Sonolux Records, 370 F.3d 183, 195 (1st Cir. 2004) (quoting Black's Law Dictionary p. 593 (7th ed. 1999))."…Reconsideration is warranted if the Court "patently misunderstood a party … or has made an error not of reasoning by apprehension." Ruiz Rivera v. Pfizer Pharmaceuticals, LLC, 521 F.3d 76, 82 (1st Cir. 2008)."

[BPPR's Motion Pursuant to FRBP 9023, Dkt. No. 334, page 20, ¶ 54 & 55.]

The court disagrees with BPPR's arguments and its stance on this matter. The Opinion is based on the motions submitted by the parties and the oral arguments provided at the Pre-trial Conference. This was made evident at the Hearing and the record demonstrates that the parties consented as to the manner in which this controversy would be adjudicated by the court. Any evidence of the intent of the parties before the Stipulation was drafted, and later during communications with the Debtors, was not necessary because the interpretation of the effects of the language in the Stipulation and the Plan on BPPR's claims was purely legal in nature. In this case, the court indeed determined that the terms of the Stipulation and the Plan were clear. Upon such finding, Article 1233 of the Civil Code, 31 L.P.R.A. § 3471, mandates that the court's inquiry stop. The directive encompassed in Article 1234, 31 L.P.R.A. § 3472 to inquire beyond the text of the contract is not triggered unless the court finds that the terms of a contract are ambiguous. To probe into the intention of the parties is contrary to the parole evidence rule as codified in Article 1233 of the Civil Code. 31 L.P.R.A. § 3471. Therefore, no error was committed. Just because the court ruled against BPPR does not mean that it can un-ring that bell.

The court reiterates for clarity that during the pendency of the contested matter, BPPR's argument was that the Stipulation was clear on its terms; that there was nothing in the Stipulation or the Plan that supported the Debtors' conclusion that BPPR's liens were extinguished. When the Debtors proffered that the Clause stated that the mortgage liens are ratified until confirmation, BPPR argued that such Clause only binds the Debtors and not BPPR. This was the case and legal theory that was submitted for the court's consideration. Now, after the court's ruling, BPPR's arguments in their motion to reconsider fly in the face of the established record of this case. The court has already taken into consideration all BPPR's arguments and, as stated in open court, made

its ruling on the pleadings, the Stipulation, and the Plan. The court understood BPPR's arguments but was just not persuaded by them - not at the time that the Opinion was written, and certainly not again during this reconsideration. "Mere disagreement with how the court weighed the facts or interpreted the case law does not constitute a manifest error justifying reconsideration.". In re: Rivera-Calderon, 2018 LEXIS 1420, *3 (Bankr. D.P.R. 2018). This court was not persuaded by BPPR interpretation of the law. This is not the sort of scenario contemplated in Rule 9023.

In addition, BPPR brings forth two arguments for the first time on reconsideration: (1) that the requisites of Section 1141(c) where not met in this case, and (2) that the doctrine of judicial estoppel bars Debtors from circumventing the binding effect of the Stipulation and Plan. BPPR now avers that its liens were not extinguished by Section 1141(c) because the properties encumbered by its liens were not "dealt with", and that its liens were preserved in the Stipulation. At all times during the litigation of this contested matter, BPPR maintained that liens go through bankruptcy unaffected and that since no adversary proceeding was filed in order to avoid said liens, the confirmation of the Plan did not affect them.

Moreover, BPPR notes that "[j]udicial estoppel is an equitable doctrine that preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment." Vision Metals, Inc. v. SMS Demag, Inc., 327 B.R. 719 (Bankr. D. Delaware, 2005), citing Paul v. Monts, 906 F.2d 1468, 1473 (10th Cir. 1990) ("A litigant is required to be consistent in his conduct. He may not maintain a position regarding a transaction wholly inconsistent with his previous acts in connection with that same transaction."). The application of the doctrine of judicial estoppel to this contested matter was never previously briefed nor argued by BPPR. This new posture is discarded by the court. Relief under Rule 9023 is "aimed at

reconsideration, not initial consideration." <u>Harley-Davison Motor Co. v. Bank of New England,</u> 897 F.2d 611, 616 (1st Cir. 1990). Since BPPR failed to raise these arguments initially, it is barred from doing so at this stage.

**CONCLUSION:**

Consequently, BPPR fails to establish any of the required legal factors for reconsideration discussed above. After considering the factual and legal arguments brought forth, the court finds that Debtor's motion neither provides the court with a genuine reason as to why the court should revisit its prior Opinion, nor compelling facts or law in support of reversing the prior decision. The court concludes that BPPR'S arguments under Fed. R. Civ. P. 59(e) are without merit. For the reasons set forth above, BPPR's *Motion pursuant to FRBP 9023 to Amend or Alter Order in Docket 331 and for the Scheduling of an Evidentiary Hearing* [Dkt. No. 334], is DENIED.

SO ORDERED

In San Juan, Puerto Rico, this 23rdth day of September, 2019.

Brian K. Tester
U.S. Bankruptcy Judge

-8-