IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 16-01148-BKT11 |
| MANUEL M. BABILONIA SANTIAGO, MIRTA CORTES | Chapter 11 |
| Debtor(s) | FILED & ENTERED ON 1/30/2020 |

## **OPINION & ORDER**

Before the court is Banco Popular de Puerto Rico's (hereinafter "BPPR") *Motion To Stay Pending Appeal* [Dkt. No. 368], along with Manuel M. Babilonia and Mirta Cortes' (hereinafter "Debtors") *Opposition to Banco Popular's Motion to Stay Pending Appeal* [Dkt. No. 381] and BPPR's *Reply to Debtors' Opposition to Motion for Stay Pending Appeal* [Dkt. No. 394]. For the reasons stated below, BPPR's *Motion To Stay Pending Appeal* is GRANTED.

Fed R Bankr P 8005 provides in part as follows:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

The motion for a stay pending appeal follows the same standard as any motion for stay, which is in the nature of a preliminary injunction and will only be granted upon a showing that: 1) the petitioner is likely to prevail on the merits of its appeal; 2) that without a stay, the petitioner will suffer irreparable injury; 3) that other interested parties will suffer no substantial harm; and 4) that the public interest will not be harmed by the granting of the stay. 6 Lawrence P. King, Collier Bankruptcy Practice Guide, ¶ 117.11[2] at page 117-36 (Matthew Bender 2005). "The *sine qua*

-1-

*non* of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil Co. v. MonroigZayas, 445 F3d. 13 (1st Cir. 2006); citing, New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). "[W]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005). However, failure to establish irreparable injury if the stay is denied, is sufficient to deny the stay requested. Id. ("Because PRHS cannot establish irreparable harm, the district court did not abuse its discretion in denying the injunction.") "Irreparable injury in the preliminary injunction context means an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." Rio Grande Community Health Center, Inc. v. Rullan, 397 F.3d 56 (1st Cir. 2005).

In this case, BPPR alleges that the stay should be granted until final adjudication on the merits by the Bankruptcy Appellate Panel. Yet, BPPR's motion to stay fails to convince this Court that it has a strong likelihood of success on the merits of its appeal; that without a stay, BPPR will suffer irreparable injury; that other interested parties will suffer no substantial harm; or that the public interest will not be harmed by the granting of the stay.

To the contrary, the appealed opinion and order still affords BPPR an opportunity to file a monetary claim once the determination of the Bankruptcy Appellate Panel is final and unappealable. If a Claim arises in said determination, then BPPR is allowed to file it. However, out of abundance of caution, and because this Court believes that the language included in the

Stipulation and Plan which is subject of the instant controversy has yet to be interpreted by higher courts, BPPR's *Motion To Stay Pending Appeal* is GRANTED. Nevertheless, the issued stay is limited to any and all matters pertaining to the property and liens subject of the Appeal in order to prevent Debtors from requesting a cancellation of liens or otherwise disposing of the real properties pending the resolution of the Appeal.

SO ORDERED.

In San Juan, Puerto Rico, this 30th day of January 2020.

Brian K. Tester
U.S. Bankruptcy Judge